**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50331 |
| Plaintiff - Appellee, | D.C. No.2:09-cr-1330-GHK-2 |
| v. | |
| FERNANDO JACOBS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted November 9, 2012
Pasadena, California

Before: BRIGHT[**], GRABER, and IKUTA, Circuit Judges.

Fernando Jacobs was a Supervisory Immigration Services Officer

("supervisory officer") with the United States Citizenship and Immigration

Services ("CIS").  Jacobs was convicted of four counts of honest services wire

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

fraud under 18 U.S.C. §§ 1343, 1346, based on his involvement in a scheme taking bribes in exchange for immigration information and assistance. Jacobs raises two issues on appeal, the insufficiency of the evidence on the required element of materiality to support the wire fraud charges and the application of a sentencing enhancement. We affirm.

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the element of materiality proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). There was sufficient evidence that Jacobs's scheme to defraud CIS of his honest services had a natural tendency to influence CIS or was capable of influencing CIS. *See United States v. Milovanovic,* 678 F.3d 713, 727 (9th Cir. 2012) (en banc); *see also United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (citing *Kungys v. United States*, 485 U.S. 759, 770 (1988)). Jacobs admits that, in one instance, his scheme did in fact influence CIS because Jacobs compelled a subordinate officer to confer an immigration benefit in the form of travel stamps on passports. We therefore affirm Jacobs's convictions for honest services wire fraud.

The district court did not err by applying a four-level sentencing enhancement under Sentencing Guidelines § 2C1.1(b)(3). The Guidelines

authorize a four-level increase in an offender's base offense level for bribery offenses involving any public official in a sensitive position.  Sentencing Guidelines Manual § 2C1.1(b)(3).  The district court properly determined that Jacobs held a sensitive position.  Supervisory officers like Jacobs occasionally adjudicate immigration benefits, such as petitions for residency and citizenship, but the primary role of a supervisory officer is to supervise Immigration Services Officers, ensuring that they properly apply immigration law in the adjudication of benefits.  As a supervisory officer, Jacobs had the authority to review important decisions of officers, he had access to sensitive information, and he was able to control the actions of subordinates.  We therefore affirm Jacobs's sentence, including the four-level enhancement for holding a sensitive position.

**AFFIRMED.**